UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARYL GOODWIN,

                      Plaintiff,

      v.

MONROE COUNTY DEPARTMENT OF
HUMAN SERVICES, *et al.*,

                      Defendants.
_____

**DECISION AND ORDER**

6:24-CV-06020 CDH

## INTRODUCTION

Plaintiff Daryl Goodwin ("Plaintiff") asserts claims against defendants Monroe County Department of Human Services ("DHS"), Lynn White, Jonan Barut, Mindy Barker, Daniel Speol, Marta Blekot, and three "Jane Doe" supervisors (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). (*See* Dkt. 1). Plaintiff specifically alleges that Defendants improperly brought and prosecuted a petition for neglect against him in violation of his constitutional rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments. (*See id.* at 3–9; Dkt. 3)

Currently pending before the Court is Plaintiff's motion to compel production of interrogatory responses pursuant to Federal Rule of Civil Procedure 37. (Dkt. 21). Defendants oppose Plaintiff's motion. (Dkt. 24). For the reasons that follow, Plaintiff's motion to compel is denied.

## BACKGROUND

Plaintiff commenced this action on January 8, 2024. (Dkt. 1). United States District Judge Frank P. Geraci, Jr. screened Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), and Plaintiff was permitted to proceed to service on all his claims against Defendants. (Dkt. 3). All Plaintiff's claims purportedly brought on behalf of his daughter were dismissed without prejudice. (*Id.*). The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 on May 1, 2024. (Dkt. 7). The case was transferred to the undersigned on January 8, 2025. (Dkt. 16).

On June 20, 2025, the Court entered an Amended Scheduling Order (Dkt. 35) pursuant to which fact discovery closed on August 1, 2025, and motions to compel were due by July 2, 2025. Defendants state that on January 14, 2025, and January 23, 2025, "the five individual defendants named in this action"—specifically, Lynn White, Jonan Barut, Mindy Barker, Daniel Speol, and Marta Blekot (the "Named Defendants")—"each received a set of 25 interrogatories from plaintiff[.]" (Dkt. 24 at ¶ 2). The parties agreed to extend the Named Defendants' time to respond to April 1, 2025. (*Id.* at ¶ 3; Dkt. 21 at 2, 8).

Subsequently, "this matter was assigned to a new attorney with the Monroe County Law Department [and] [t]hat attorney left the County's employ at the beginning of April, at which time it was discovered that interrogatory responses had not been timely provided." (Dkt. 24 at ¶ 4). On April 2, 2025, Defendants requested

an additional 30-day extension of time to respond. (*Id.* at ¶ 4; Dkt. 21 at 11). There is no indication in the record before the Court that Plaintiff responded to this request.

On April 7, 2025, Plaintiff filed the instant motion pursuant to Rule 37, seeking to "[c]ompel the Defendant(s) to answer all interrogatories sent . . . in the month of December 2024[.]" (Dkt. 21 at 1). On April 25, 2025, four of the Named Defendants served responses to the interrogatories. (Dkt. 23). As of April 28, 2025, the remaining Named Defendant, Mindy Barker, "[had] provided responses but [had] not yet been able to sign them[.]" (Dkt. 24 at ¶ 6). Defense counsel indicated that "[i]mmediately upon becoming sworn to, the responses [would] be produced to Plaintiff." (*Id.*).

On April 28, 2025, Defendants filed their opposition to Plaintiff's motion to compel, "request[ing] that the Court deny Plaintiff's motion to compel in its entirety [because] Plaintiff failed to confer with the defendants in good faith to obtain the requested disclosure prior to making his motion, nor did he submit a certification that he conferred with the defendants in good faith." (Dkt. 24 at ¶ 9; *see* Dkt. 25).

## DISCUSSION

### I. Legal Standard

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "[A] party may serve on any other party no more than 25 written interrogatories[.]" Fed. R. Civ. P. 33(a)(1). "The rule governing interrogatories provides . . . that each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing

under oath." *Richard v. Dignean*, 332 F.R.D. 450, 457 (W.D.N.Y. 2019) (internal citations omitted); *see* Fed. R. Civ. P. 33(a)(3).

Under Rule 37, a party moving to compel discovery must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to make discovery to obtain it without court action. Fed. R. Civ. P. 37(a)(1). "This requirement is not a mere formalism; rather, it is designed to encourage cooperation, requiring parties to work with opposing counsel to clarify discovery requests and resolve apparent deficiencies in discovery responses rather than resorting to formal motion practice in the first instance." *Trilegiant Corp. v. Sitel Corp.*, No. 09 CIV. 6492 BSJ JCF, 2012 WL 1883343, at *2 (S.D.N.Y. May 22, 2012) (quotation omitted). "Only those matters that remain unresolved after serious attempts to reach agreement should be the subject of a motion to compel." *Myers v. Andzel*, No. 06 CIV. 14420 (RWS), 2007 WL 3256865, at *1 (S.D.N.Y. Oct. 15, 2007).

"Motions to compel made pursuant to Rule 37 are 'entrusted to the sound discretion of the district court.'" *Harris v. Bronx Parent Hous. Network, Inc.*, No. 18-CV-11681 GBDSN, 2020 WL 763740, at *1 (S.D.N.Y. Feb. 14, 2020) (quoting *U.S. v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)). "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).

## II.     Compliance with Rule 37(a)(1)

"*Pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995). More particularly, "[p]*ro se* litigants are also required to comply with the good faith meet and confer requirement of Rule 37(a)." *Zimmerman v. Pautz*, No. 12-CV-763A(F), 2017 WL 3404757, at *1 (W.D.N.Y. Aug. 9, 2017); *see also Pierre v. Cnty. of Nassau*, No. 17-CV-6629-LDH-RER, 2022 WL 2872651, at *9 n. 10 (E.D.N.Y. July 21, 2022) ("The meet and confer requirement imposed by the federal and local rules applies equally to *pro se* plaintiffs."). There is no evidence in the record before the Court that Plaintiff attempted to meet and confer with Defendants before bringing his motion to compel. He also failed to include with his motion "a certification that [he] has in good faith conferred or attempted to confer with [Defendants] to make disclosure or discovery in an effort to obtain it without court action[.]" Fed. R. Civ. P. 37(a)(1).

The record indicates that on April 2, 2025, Defendants requested an additional extension of time to respond to Plaintiff's interrogatories due to a delay caused by personnel changes in the Monroe County Law Department. (Dkt. 24 at ¶ 4; *see also* Dkt. 21 at 11). Instead of responding to Defendants' request for an extension of time to respond, as he had previously (*see* Dkt. 21 at 8; Dkt. 24 at ¶ 3), Plaintiff filed the instant motion (Dkt. 21). Consequently, Plaintiff's motion to compel fails to comply

with Rule 37(a)(1) and the Court thus denies the motion.[1]

### III. Compliance with the Court's Local Rules

Local Rule of Civil Procedure 7(d)(3) provides:

> No motion for discovery and/or production of documents under Fed. R. Civ. P. 37 shall be heard unless accompanied by an affidavit showing that sincere attempts to resolve the discovery dispute have been made. Such affidavit shall detail the times and places of the parties' meetings or discussions concerning the discovery dispute and the names of all parties participating therein, and all related correspondence must be attached.

Loc. R. Civ. P. 7(d)(3). *Pro se* litigants are also required to inform themselves of local procedural rules and each judge's individual practices. *See Swinton v. Livingston Cnty.*, No. 15-CV-00053A(F), 2016 WL 1056608, at *4 (W.D.N.Y. Mar. 17, 2016). Plaintiff's declaration accompanying the instant motion does not detail any attempts to resolve this discovery dispute before engaging in motion practice. Consequently, Plaintiff's motion to compel fails to comply with Local Rule 7(d)(3), which provides a further basis for denial.

### IV. The Undersigned's Individual Practices

Plaintiff is advised to familiarize himself with the individual practices of the undersigned, a copy of which will be sent to him with this Decision and Order. Pursuant to those practices, if a discovery dispute arises, the parties must advise the Court of the dispute via letter before engaging in motion practice regarding the dispute. Moving forward, any discovery motion regarding a discovery dispute that

---

[1] The Court's denial of Plaintiff's motion to compel means that it need not reach Defendants' arguments regarding sanctions pursuant to Rule 37(a)(5) at this time.

- 7 -

was not brought to the Court's attention beforehand via letter may be summarily denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to compel (Dkt. 21) is denied.

SO ORDERED.

*Colleen D. Holland*
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:   Rochester, New York
         August 15, 2025