UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARYL GOODWIN,

Plaintiff,

v.

MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, *et al.*,

Defendants

---

**DECISION AND ORDER**

6:24-CV-06020 CDH

## INTRODUCTION

*Pro se* plaintiff Daryl Goodwin ("Plaintiff") brings this action pursuant to 42 U.S.C. ¶ 1983 and *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). (Dkt. 1).[1] Plaintiff alleges that the Monroe County Department of Human Services and certain employees thereof (collectively "Defendants") violated his constitutional rights in connection with a neglect petition brought against him in Monroe County Family Court. (*Id.*).

There are four motions currently pending before the Court. First, Defendants have filed a motion for judgment on the pleadings. (Dkt. 51). While that motion was pending, Plaintiff filed a motion for leave to amend his complaint. (Dkt. 63). Plaintiff has also filed a motion to compel discovery. (Dkt. 54). Defendants oppose Plaintiff's motion to compel and have filed a cross-motion to stay discovery pending the

---

[1] The parties in this matter have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Dkt. 7).

resolution of the motion for judgment on the pleadings. (Dkt. 57). The Court resolves these motions as set forth below.

## DISCUSSION

### I. Plaintiff's Motion for Leave to Amend is Granted and Defendants' Motion for Judgment on the Pleadings is Denied as Moot

On March 20, 2026, Defendants filed their motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. 51). Defendants' motion seeks to dismiss Plaintiff's complaint "in its entirety as against all Defendants[.]" (Dkt. 51-1 at ¶ 4; Dkt. 51 at 1). On June 11, 2026, Plaintiff filed his motion for leave to amend his complaint. (Dkt. 63).[2] Plaintiff states that he brought his motion "promptly and in good faith, upon recognizing that an Amended Complaint would more clearly set forth the factual basis for his claims," and that the "Amended Complaint is intended to cure any pleading deficiencies identified in Defendants' motions." (*Id.* at 5-6). On July 6, 2026, Defendants filed a letter stating, *inter alia*, that they "do not oppose" Plaintiff's motion for leave to amend, and that if the Court grants Plaintiff's motion, "Defendants will file a new motion or answer in due course." (Dkt. 65 at 2).

Under Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This is a liberal and permissive standard, and the only grounds on which denial of leave to amend has

---

[2] Plaintiff previously filed a motion for leave to amend on May 18, 2026. (Dkt. 60). The Court denied this motion without prejudice because Plaintiff did not include a copy of his proposed amended complaint, as required by Local Rule of Civil Procedure 15. (Dkt. 61).

long been held proper are upon a showing of undue delay, bad faith, dilatory motive, or futility." *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (quotations and alteration omitted).

But while Rule 15(a) typically "governs the amendment of pleadings, Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007). In such circumstances, the lenient standard under Rule 15(a) "must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (quoting Fed. R. Civ. P. 16(b)(4)). "[T]he primary consideration" in determining if good cause exists is "whether the moving party can demonstrate diligence," but the Court "in the exercise of its discretion . . . also may consider other relevant factors including . . . whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner*, 496 F.3d at 244.

Although Plaintiff argues in his motion papers that "the liberal Rule 15(a)(2) standard" applies (Dkt. 63 at 2-4), the Court's initial Scheduling Order set October 2, 2024, as the deadline for motions to amend the pleadings. (*See* Dkt. 9 at 2).[3] Because that deadline has passed, and the parties never requested an extension of it, the

---

[3] Plaintiff also erroneously claims in his motion papers that "[d]iscovery has not commenced" and "[n]o scheduling order or case management plan has been entered." (Dkt. 63 at 6; *see also id.* at 5).

Court must consider whether good cause exists under Rule 16(b)(4) to permit amendment at this stage of the proceedings.

Notwithstanding the fact that Plaintiff does not directly address the applicable standard under Rule 16(b)(4), the Court finds good cause to permit amendment of the complaint. Plaintiff was diligent in promptly seeking leave to amend after being served with Defendants' motion for judgment on the pleadings, which put him on notice of the alleged deficiencies in his complaint that he purports to cure through amendment. Moreover, Plaintiff is *pro se* and this is the first time he has sought to amend his complaint in this action. Because "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation omitted), "[i]t is in the interest of judicial economy for Plaintiff[] to amend now rather than after a ruling o[n] Defendant[s'] motion" for judgment on the pleadings," *Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, No. 1:20-CV-10699-MKV, 2021 WL 2075586, at *2 (S.D.N.Y. May 24, 2021).

Having further reviewed the proposed amended complaint consistent with the liberal standard underlying Rule 15(a), and in light of the lack of opposition, Plaintiff's motion for leave to amend (Dkt. 63) is granted. The Court will arrange with the Clerk of Court's Office for the filing of the amended complaint, which will serve as the operative complaint in this action.[4]

[4] The proposed amended complaint contains the full name of Plaintiff's minor daughter throughout. (*See* Dkt. 63 at 11-68). Federal Rule of Civil Procedure 5.2(a)(3) requires that only the initials of a minor be contained in a publicly filed document. In

Because the Court is granting Plaintiff leave to amend his complaint, Defendants' motion for judgment on the pleadings, which is directed at Plaintiff's original complaint, is denied as moot. "[W]hen a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303-04 (2d Cir. 2020). "Where the proposed amended complaint requires leave of court, the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss[.]" *New Oriental Enter., PTE, Ltd. v. Mission Critical Sols. LLC*, No. 1:20-CV-2327-MKV, 2021 WL 930616, at *2 (S.D.N.Y. Mar. 11, 2021) (quotation omitted).

Here, Plaintiff's amended complaint required leave of Court and asserts new claims that Defendants' motion for judgment on the pleadings does not address. Defendants also indicate that they do not oppose a moot and re-brief approach. (*See* Dkt. 65 at 2). The Court accordingly elects to deny Defendants' motion for judgment on the pleadings (Dkt. 51) as moot. Defendants must answer or otherwise respond to the amended complaint in accordance with Rule 15.

---

light of Plaintiff's *pro se* status, the Court will arrange for appropriate redactions to be made to the amended complaint prior to filing. Going forward, Plaintiff is advised that he must properly redact his daughter's name—that is, he must use only his daughter's initials—in any filings with the Court. Failure to do so may result in Plaintiff's filings being rejected by the Court.

## II. It is Incumbent on Defendants to Move for Any Relief Sought in Connection with Related State Court Proceedings

Defendants' July 6, 2026 letter also apprises the Court of developments in "the concurrent State-level proceeding." (Dkt. 65 at 2). Specifically, from what the Court can glean, on June 5, 2026, the New York State Supreme Court, Appellate Division, Fourth Department vacated its prior order affirming the order of the Monroe County Family Court (the "Family Court Order"), which determined that Plaintiff had neglected his daughter and placed her in the custody of the Monroe County Department of Human Services, and will consider Plaintiff's appeal of the Family Court Order *de novo*. (*Id.* at 3; *see* Dkt. 51-3). The neglect petition and hearings thereon giving rise to the Family Court Order serve as the backdrop for this federal civil rights action.

Defendants state in their July 6, 2026 letter that the Fourth Department's vacatur of its prior affirmance of the Family Court Order "may render Plaintiff's claims unripe or moot." (Dkt. 65 at 2). Defendants further "suggest that the [instant] case be dismissed without prejudice or stayed altogether," and ask the Court to "[p]lease advise as to how [it] wishes to proceed." (*Id.*).

If Defendants believe there are ripeness or mootness issues with the instant action based on developments in related state court proceedings, they must raise these issues in and seek appropriate relief through an affirmative motion. It is incumbent on Defendants to file and set forth the grounds for such a motion to the extent they believe it is legally justified. The Court will not dismiss or stay this case based on a suggestion in a letter response.

## III. Plaintiff's Motion to Compel is Denied and Defendants' Cross-Motion to Stay Discovery is Denied as Moot

On November 24, 2025, Plaintiff filed a motion to compel Defendants "to appear for depositions and to fulfill their outstanding discovery obligations[.]" (Dkt. 42 at 1). The Court denied Plaintiff's motion without prejudice because he had not brought the discovery dispute to the Court's attention beforehand via letter, consistent with the undersigned's individual practices. (Dkt. 43).

Plaintiff subsequently filed a letter apprising the Court of the dispute (Dkt. 44), and the Court held a telephone discovery conference with Plaintiff and defense counsel on December 23, 2025 (the "December 23 Conference"). (Dkt. 48). Of particular relevance here, the Court advised Plaintiff that if he wanted to take the oral deposition of any defendant, it would be his responsibility to make all of the logistical arrangements. The parties agreed to complete all depositions by the end of March 2026. (*See id.*). In addition to deposition-related issues, Plaintiff stated that he had made requests for certain medical records and "intra-office communications" involving Defendants, and that Defendants' responses to those requests were outstanding. Defense counsel stated that he was not certain whether Plaintiff had in fact requested these items, but he would not oppose allowing Plaintiff to submit a new written request. Plaintiff agreed to re-send his request for medical records and communications by January 13, 2026, and the Court noted that Defendants would respond within the timeframe required by the Federal Rules of Civil Procedure. (*See id.*).

The Court subsequently entered an Amended Scheduling Order, which re-opened fact discovery "solely for the limited purposes discussed on the record" during the December 23 Conference. (Dkt. 49 at 1). The Amended Scheduling Order set March 31, 2026, as the deadline to complete all remaining factual discovery, including depositions. (*Id.*).

On March 30, 2026, Plaintiff filed the instant motion to compel. (Dkt. 54). Plaintiff asserts that "Defendants missed the March 31, 2026 deadline without producing the required discovery" even though defense counsel, according to Plaintiff, represented at the December 23 Conference "that Defendants would comply with discovery and there would be no issues producing": (1) "Medical records"; (2) "Urine screen results;"[5] and (3) "Intra-office communications." (*Id.* at 3) (bold omitted). Plaintiff also claims that defense counsel "refused and declined to schedule any deposition" after Plaintiff was unable to retain a court reporter but "offered to proceed by audio and video, as permitted under Rule 30." (*Id.* at 7). Plaintiff seeks to compel Defendants "to produce all outstanding discovery immediately" and "appear for depositions within 14 days," and to "[i]mpose sanctions under Rule 37(b) and 37(d)" and "[e]nter default judgment . . . pursuant to Rule 37(b)(2)(A)(vi)." (*Id.* at 9).

On April 28, 2026, Defendants filed a cross-motion to stay "all further discovery pending a decision on the Defendants['] Rule 12(c) motion to dismiss on the pleadings," further asserting that "Plaintiff's motion to compel discovery should be

[5] The Court notes that neither party mentioned or discussed "urine screen test results" at the December 23 Conference.

denied[.]" (Dkt. 57; Dkt. 57-2 at 1). Defendants "submit that the reason depositions and further discovery were not completed within the previously set discovery deadline of March 31, 2026, was due to simple miscommunication which could have been worked out without the Plaintiff's filing of a motion to compel[.]" (Dkt. 57-1 at ¶ 5).

**A. Document Discovery**

With respect to the alleged outstanding document discovery at issue, Plaintiff's motion to compel is denied. As an initial matter, there is no indication in the record that Plaintiff properly requested these items by January 13, 2026, in accordance with the protocol agreed upon at the December 23 Conference. "A Rule 37 order will not be issued for documents which have never been properly requested." *Llewellyn v. N. Am. Trading*, No. 93 CIV. 8894 KMWHBP, 1997 WL 177878, at *4 (S.D.N.Y. Apr. 11, 1997); *see also Brown v. Chappius*, No. 13-CV-105A F, 2014 WL 1795015, at *5 (W.D.N.Y. May 6, 2014) ("It is basic that a party seeking to compel discovery must first serve formal discovery demands."). Although the parties' papers include emails in which Plaintiff asks defense counsel for medical records and intra-office communications, these emails—even assuming they constitute proper requests under Rule 34—are from mid- to late-March 2026. (*See* Dkt. 54 at 15-18; Dkt. 57-3 at 3-6).

Plaintiff's motion papers generally misrepresent the December 23 Conference. Plaintiff suggests that the December 23 Conference resulted in a Court order directing Defendants to "produce the required discovery." (Dkt. 54 at 10). That is not accurate. The December 23 Conference merely culminated in a limited re-opening of

discovery so that Plaintiff could make a renewed request for the items he was seeking and Defendants could respond to the renewed request in the time required under the Federal Rules. Neither Defendants nor the Court represented that Plaintiff was entitled to or that Defendants would produce any particular documents. Defense counsel specifically stated during the December 23 Conference that he could not promise that Defendants would not have objections to Plaintiff's renewed request.

Further, the Court denies Plaintiff's motion to compel production on the basis that he failed to attempt to confer in good faith with defense counsel. *See Baez Duran v. E L G Parking Inc.*, No. 18CIV6685GBDSLC, 2021 WL 1338982, at *2 (S.D.N.Y. Apr. 9, 2021) ("[I]t is well established that the failure to meet and confer prior to filing a discovery motion can be fatal to a party's application.").[6] When defense counsel told Plaintiff that Defendants would not release the third-party medical records Plaintiff was seeking without the third party's authorization, defense counsel offered to discuss the matter over a phone call. (*See* Dkt. 54 at 17; Dkt. 57-1 at ¶ 10). However, Plaintiff appears to have ignored defense counsel's offer and continued to demand the records via email without meaningfully acknowledging Defendants' objection. (*See* Dkt. 54 at 16-17; Dkt. 57-1 at ¶ 11). This conduct does not satisfy Plaintiff's obligation to make good faith efforts to meet and confer under Rule 37(a)(1).

Lastly, Plaintiff's motion to compel production is also denied on the basis that it "fails to provide any argument as to why the documents he is seeking are relevant

---

[6] The Court has previously advised Plaintiff of his obligation to comply with Rule 37(a)(1)'s meet and confer requirement. (*See* Dkt. 38 at 5-6).

to his case." *Perkins v. Chelsea Piers Mgmt.*, No. 11 CIV. 8998 ALC JCF, 2012 WL 4832814, at *1 (S.D.N.Y. Oct. 10, 2012). Plaintiff merely asserts that Defendants have failed to produce discovery. "This failure is fatal to [Plaintiff's] motion to compel," *id.*, because "[t]he party moving to compel discovery bears the burden of demonstrating relevance," *Beverley v. New York City Health & Hosps. Corp.*, No. 18-CV-08486 (ER), 2024 WL 2125402, at *7 (S.D.N.Y. May 13, 2024).

For these reasons, Plaintiff's motion to compel is denied as to any alleged outstanding document requests.

### B. <u>Depositions of Defendants</u>

Plaintiff's motion to compel is also denied insofar as it seeks to compel Defendants to appear for depositions. From a review of the parties' papers and attached emails, it appears that Plaintiff shifted responsibility for scheduling Defendants' depositions to defense counsel and then was uncooperative when defense counsel tried to confirm dates and times with Plaintiff. For example, on February 5, 2026, Plaintiff emailed defense counsel: "Schedule all depositions in mid to end of March I'll have it thanks." (Dkt 57-3 at 7). When defense counsel responded that the deposition of defendant Jonan Barut could be scheduled for Friday, March 20, 2026, at 10:00 a.m., Plaintiff replied that "Friday at 10 is not a good time" but offered "any time next week after 10 am." (*Id.* at 5-6).

Plaintiff is ultimately responsible for arranging and noticing any deposition he seeks to conduct. *See Kramer v. City of New Kensington*, No. CV 13-606, 2016 WL 406284, at *2 (W.D. Pa. Feb. 3, 2016) ("Plaintiff is also informed that he, and not the

Court or Defendants, must arrange for or notice the depositions, as arranging depositions is Plaintiff's Rule 30 responsibility."); *see also Jackson v. Taylor*, No. C A 05-823, 2007 WL 2065244, at *1 (D. Del. July 17, 2007) ("Although Jackson is *pro se,* that does not mean defendants are responsible for noticing and arranging their depositions."). While the Court will not fault a *pro se* plaintiff for communicating with defense counsel regarding the availability of defendants for their depositions as part of a good faith effort to make the necessary arrangements, the parties' email exchanges do not evince such a good faith effort. Instead, it appears that Plaintiff simply attempted to have defense counsel handle the bulk of the logistical arrangements. Plaintiff therefore did not fulfill his responsibilities under Rule 30.

The Court also disagrees with Plaintiff that Defendants were at fault for not appearing for the two depositions that were apparently scheduled for March 26, 2026. (*See* Dkt. 54 at 4, 7). The emails that the parties have submitted are consistent with defense counsel's account that he, "not Plaintiff, scheduled [two] depositions for March 26, 2026, but . . . Plaintiff apparently did not contact the court reporter service until March 25, and by that time they had to cancel and use the date for other work." (Dkt. 57-1 at ¶ 18). And contrary to Plaintiff's assertions, there is no indication in the record that "Defense counsel refused to schedule [depositions] unless [Plaintiff] agreed to pay for a stenographer[.]" (*See* Dkt. 54 at 10). Defense counsel has submitted a sworn declaration stating that he "agreed to pay for Defendants' copies of transcripts." (Dkt. 57-1 at ¶ 19).

Further, Plaintiff's claim that defense counsel "refused" to "proceed by audio and video" (Dkt. 54 at 10), is unsupported by the record and itself raises several practical and legal questions. Foremost, Plaintiff did not make clear to defense counsel how, in the absence of a court reporter and on one-day's notice, the proposed video-recorded deposition would comply with Rule 30(b)(5), which requires that a deposition be conducted before an officer who, among other things, is authorized to administer the oaths and certify the deposition. *See* Fed. R. Civ. P. 30(b)(5), (f)(1). Even if Plaintiff could have properly arranged a video-recorded deposition by the following day, Defendants would have still been entitled to record the deposition by stenographic means, if they so desired. *See* Fed. R. Civ. P. 30(b)(3)(B) ("With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice."). In addition, to the extent Plaintiff anticipated taking the depositions without the use of a stenographic record, as Defendants point out, this would have required a court order under this Court's Local Rules. *See* Loc. R. Civ. P. 30(c) ("A Court order is required before taking a deposition by other than stenographic means (*i.e.,* without the use of a stenographic record).").

At bottom, any issues that arose with the scheduling of Defendants' depositions appear to be primarily attributable to Plaintiff's failure to carry out his responsibilities under Rule 30 and his insufficient efforts to confer in good faith with defense counsel regarding these issues. For these reasons, Plaintiff's motion to compel is denied as to the depositions of Defendants.

### C. <u>Plaintiff's Requests for Sanctions</u>

The Court turns next to Plaintiff's requests for sanctions. Plaintiff's request for sanctions pursuant to Rule 37(b)(2) (*see* Dkt. 54 at 8), including the entering of default judgment, is denied. "A court order directing compliance with discovery requests is a required predicate to Rule 37(b) sanctions." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16CV1318GBDBCM, 2017 WL 3671036, at *18 (S.D.N.Y. July 18, 2017), *adopted*, No. 2017 WL 4712639 (S.D.N.Y. Sept. 28, 2017). Plaintiff has not shown the existence of such an order. As explained above, the December 23 Conference did not culminate in an order requiring Defendants to produce any specified discovery.

Plaintiff's request for sanctions pursuant to Rule 37(d)(1)(A)(i) is also denied. Rule 37(d)(1)(A)(i) provides that the Court may impose sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). However, Plaintiff has not shown that any of the depositions at issue were properly noticed. *See Davis v. Mina*, No. 6:23-CV-72-RBD-EJK, 2023 WL 8828859, at *2 (M.D. Fla. Dec. 21, 2023) (explaining that proper notice is a prerequisite to the imposition of sanctions under Rule 37(d)(1)(A)(i) and that it is the moving party's burden to show that proper notice was served). Based on the emails the parties have submitted, the Court cannot conclude that the parties even agreed informally to a date, time, or methodology for any deposition.

### D. <u>Defendants' Cross-Motion to Stay Discovery</u>

Finally, with respect to Defendants' cross-motion to stay discovery pending a decision on their motion for judgment on the pleadings (Dkt. 57), the latter motion has now been denied as moot. Moreover, the Court has denied Plaintiff's motion to compel, and pursuant to the operative case management orders (Dkt. 41; Dk. 49), fact discovery is closed. Accordingly, as there is no present need or basis to stay discovery, Defendant's cross-motion to stay discovery is denied as moot.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for leave to amend his complaint (Dkt. 63) is granted; Defendants' motion for judgment on the pleadings (Dkt. 51) is denied as moot; Plaintiff's motion to compel (Dkt. 54) is denied; and Defendants' cross-motion to stay discovery (Dkt. 57) is denied as moot. The Court will redact the name of Plaintiff's minor daughter and arrange with the Clerk of Court's Office for the filing of the amended complaint, which will serve as the operative complaint in this action. Defendants must answer or otherwise respond to the amended complaint in accordance with the Federal Rules of Civil Procedure. Plaintiff is reminded that any future filings he makes with the Court must comply with Federal Rule of Civil Procedure 5.2(a)(3) and refer to his daughter only by her initials.

SO ORDERED.

Colleen D. Holland
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: Rochester, New York
October 27, 2026